IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JACQUELINE CRAWFORD,

    Plaintiff,

v.

PLACE PROPERTIES, LP, PLACE
MANAGEMENT GROUP, LLC, and
FORT STEWART LIBERTY, LLC,
doing business as Independence
Place Apartments,

    Defendants.

CV 416-146

**O R D E R**

In this case, which arises from Plaintiff's employment with Defendants, Defendants move to dismiss Plaintiff's complaint because: (1) her claims are time-barred; (2) she failed to plead sufficient facts to support her claims; and (3) she failed to exhaust her administrative remedies. When the complaint is viewed in the light most favorable to Plaintiff, however, the Court is satisfied that Plaintiff has timely alleged plausible claims for relief. And because the record currently before the Court lacks sufficient evidence, the Court is unable to decide whether Plaintiff exhausted her administrative remedies.

Accordingly, the Court **DENIES** Defendants' motion to dismiss (doc. 7).

## I. Factual Background

Accepting the facts alleged in Plaintiff's complaint as true and viewing the allegations in the light most favorable to Plaintiff, as the Court must, see Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007), the facts of this case are as follows.

**1. The Parties**

Defendants own and operate apartment complexes. (Compl. ¶ 3.) Defendants Place Management Group, LLC and Independence Place Apartments are subsidiaries of Defendant Place Properties, LP. (See id. ¶ 4.) Place Management manages many of the properties Place Properties owns, including Independence Place. (Id.)

Under this business structure, Defendants share accounting, human-resources, training, payroll, and management services, and "[h]iring and firing decisions related to [Place Management] personnel [are] also made by management who work[] out of the Atlanta Place Properties office . . . ." (Id. ¶ 7.) In fact, "[s]everal officers of Place Properties and/or [Place Management] [are] also officers of the other and/or the individual properties, including Independence Place." (Id. ¶ 6.)

Furthermore, Place Properties employs a property manager at each of its properties. (Id. ¶ 8.) Property managers report to regional managers, who answer to the vice president of property management. (Id.) The vice president of property management reports directly to Mike Rouen, who at the time of this suit, was the president of Place Management and an officer of Place Properties. (Id. ¶¶ 8, 16.)

Plaintiff is a former employee of Defendants. She began working for Defendants in 2009 as a leasing consultant at Independence Place. (Id. 12.) She remained employed by Defendants until August 2014, when her employment was terminated. (Id.) At the time of her termination, Plaintiff was a property manager. (Id.)

**2. Plaintiff's Employment and Termination**

As noted, Plaintiff began working as a leasing consultant in 2009. (Id.) In 2012, she was promoted to property manager. (Id.) In December 2013, Plaintiff was diagnosed with breast cancer, which required regular chemotherapy treatment. (Id. ¶ 14.) Not long after Plaintiff's diagnosis, Rouen instructed Anna Sullivan, Plaintiff's regional manager, to fire Plaintiff because "Plaintiff would not be able to perform her duties sufficiently." (Id. ¶ 16.)

In the summer of 2014, Plaintiff took medical leave while she underwent and recovered from surgery. (Id. ¶ 20.)

3

Plaintiff received eleven weeks of disability leave, which began July 4, 2014, and was set to end September 19, 2014. (Id. ¶ 20.) Following her surgery, Plaintiff's doctor sent Defendants a letter explaining that Plaintiff would be cleared to return to work on September 8, 2014. (Id. ¶ 21.)

With essentially no prior notice, Plaintiff received a separation notice in late July, which stated: "Given month of July to recover from surgery. Per doctors [sic] note unable to return until Sept[ember] 2014." (Id. ¶ 26 (internal quotation marks omitted).) Then, for some reason, Plaintiff received a second separation notice in August 2014 that provided: "Given the month of July to recover from surgery. Unable to return per doctor's note." (Id. (internal quotation marks omitted).) Other than these reasons, Defendants never explained to Plaintiff why they fired her. (Id. ¶ 28.)

## II. **Procedural Background**

Soon after she was fired, Plaintiff filed a charge of discrimination with the EEOC alleging disability discrimination and retaliation. (Id. ¶ 30.) After investigating Plaintiff's allegations, the EEOC found probable cause to support her claims, and it issued a right-to-sue letter on March 15, 2016. (Id. 30-31; Doc. 1-1.) Accordingly, Plaintiff filed this lawsuit on June 14, 2016, alleging that Defendants violated the

4

Americans with Disabilities Act ("ADA"). Defendants now move to dismiss Plaintiff's complaint.

### III. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Applying this standard requires a two-part test. See id. at 679. First, the Court asks whether the plaintiff has stated specific facts supporting a claim rather than mere legal conclusions. Id. Second, it asks whether those facts might plausibly give rise to a right to relief. Id. at 680.

The first prong of the inquiry requires that the plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While the Court must accept as "true all of the allegations contained in a complaint," it need not "accept as true a legal conclusion couched as a factual allegation." Id. Generalized conclusions and "bare allegations" will not allow the plaintiff to "unlock the doors of discovery." See id. The plaintiff must assert specific facts that "show" the defendant's misconduct. Id. at 679.

Once the Court separates the specific factual allegations from mere legal conclusions, it must accept those facts as true and "determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Well-pleaded facts cannot be merely consistent with the alleged misconduct; they must allow the Court to infer that such misconduct was plausible. Id. at 678. The complaint must allege facts that push the claim "across the line from conceivable to plausible." Id. at 683 (internal quotation marks omitted).

Finally, while a plaintiff does not have to "allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007)(quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## IV. <u>Discussion</u>

Defendants move to dismiss Plaintiff's complaint for four reasons. First, they argue that Plaintiff's claims are time-barred. Second, they argue that Plaintiff failed to adequately allege that Defendants are covered by the ADA. Third, Defendants Place Properties and Place Management argue that Plaintiff failed to plead facts that show that they employed Plaintiff for purposes of the ADA. And finally, Defendants Place Management and Place Properties argue that Plaintiff failed to exhaust her administrative remedies.

**1. Plaintiff's claims are not time-barred.**

Under the ADA, a plaintiff must bring suit within ninety days after she receives a right-to-sue letter from the EEOC. See <u>Bryant v. U.S. Steel Corp.</u>, 428 F. App'x 895, 897 (11th Cir. 2011) ("Under the ADA, a plaintiff must comply with the same procedural requirements to sue that exist under Title VII."); 42 U.S.C. § 2000e-5(f)(1).

Defendants contend that Plaintiff's claims are time-barred because she did not file suit until ninety-one days after she received her right-to-sue letter.[1] Specifically, they argue that

---

[1] Defendants also contend that the right-to-sue letter attached to Plaintiff's complaint is invalid. Specifically, they argue that the EEOC had already issued Plaintiff a right-to-sue letter when it issued the one Plaintiff now relies on, and that it did not have the authority revoke the prior letter and issue a new one. To support this argument, Defendants rely on a number of documents other than the complaint. Because the Court declines to convert Defendants' motion to dismiss into a motion for summary judgment, it will not address the merits of this argument.

7

she pleaded in her complaint that she received her right-to-sue letter on March 15, 2016. Accordingly, they argue, she had to file suit by June 13, 2016, which she failed to do.

Plaintiff does, in fact, allege in her complaint that she "received her [] Notice of Right to sue on March 15, 2016." (Compl. ¶ 32.) But that does not end the inquiry because Plaintiff's right-to-sue letter, which is attached to the complaint, contradicts this statement. When exhibits are attached to a complaint, the Court treats them as part of the complaint. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1215-16 (11th Cir. 2012). And "if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

Although Plaintiff alleges in her complaint that she received her right-to-sue letter on March 15, 2016, the actual right-to-sue letter provides that it was simply mailed on that date. See Robinson v. City of Fairfield, 750 F.2d 1507, 1510-11 (11th Cir. 1985) (affirming a district court's finding that a plaintiff did not receive a right-to-sue letter on the same day it was mailed, even though he stated in a filing that he did, because "[e]ven the most expeditious method of delivery by our postal service . . . would not have" delivered the letter before the day after it was sent). Thus, when the allegations in the

8

complaint are viewed in the light most favorable to Plaintiff, the Court is unconvinced that her claims are untimely — at least at this stage of the litigation. Accordingly, the Court **DENIES** Defendants' motion on this issue.

### 2. Plaintiff sufficiently alleged that Defendants are covered by the ADA.

Defendants contend that Plaintiff failed to plead that Defendants are covered by the ADA.[2] In her complaint, Plaintiff alleges that "Defendants employ more than fifteen (15) employees and are covered by the [ADA]." (Compl. ¶ 9); see 42 U.S.C. § 12111(5)(A). According to Defendants, this statement is too conclusory to satisfy the pleading requirements of Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). But the Court is satisfied that Plaintiff has met the pleading standard. Cf. Booher v. Turtle Cove Marina Condo. Assoc., No. 8:14-cv-3158-T-36EAJ, 2015 WL 4751578, at *3-4 (M.D. Fla. Aug. 11, 2015) (finding that a plaintiff adequately pleaded that a defendant was an employer under Title VII, even though she did not specifically allege that the defendant was an employer, because she alleged that she "was employed with" the defendant (citation omitted) (emphasis

---

[2] In the portion of their brief that addresses this issue, Defendants refer only to Independence Place. Presumably, this is because they believe the claims against Place Management and Place Properties should fail for other reasons. But because the claims against all Defendants will go forward, the Court refers to all Defendants when discussing this issue.

9

in original)). Thus, the Court **DENIES** Defendants' motion on this issue.

### 3. Plaintiff adequately pleaded that Place Management and Place Properties are her employers.

Place Management and Place Properties argue that Plaintiff failed to sufficiently plead that they employed her. In employment-discrimination cases, "courts have interpreted the term 'employer' liberally." Peppers v. Cobb Cty., 835 F.3d 1289, 1297 (11th Cir. 2016). In general, courts consider "(1) how much control the alleged employer exerted on the employee, and (2) whether the alleged employer had the power to hire, fire, or modify the terms and conditions of the employee's employment." Id. In the joint-employer context — which Defendants contend applies to this case — courts consider whether "one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." Virgo v. Riviera Beach Assocs., 30 F.3d 1350, 1360 (11th Cir. 1994).

In her complaint, Plaintiff alleges that Place Management and Independence Place are "under the control of their parent corporation, Place Properties"; that Place Properties provides accounting, human-resources, training, payroll, and management services to properties managed by Place Management; that Place

Properties makes hiring and firing decisions for Place Management; and that Place Properties paid her salary. (Compl. ¶¶ 4, 8.) While these allegations may prove to be untrue, the Court is unconvinced that Plaintiff's claims against Place Properties and Place Management should fail at this stage of the litigation. Accordingly, the Court **DENIES** Defendants' motion on this issue.

### 4. The Court will not yet address whether Plaintiff exhausted her administrative remedies.

Place Management and Place Properties argue that Plaintiff's claims against them fail because she did not name them in her EEOC charge. It is true that, "[o]rdinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." Virgo, 30 F.3d at 1358. Courts, however, liberally construe this requirement, and "[w]here the purposes of the [law] are fulfilled, a party unnamed in the EEOC charge" may still be sued. Id. at 1358-59. Courts look to a number of factors when making this decision:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

Id. at 1359.

And when faced with a motion to dismiss for failure to exhaust administrative remedies, a court may often look beyond the plaintiff's complaint. See Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008). But it may do so only if "the parties have sufficient opportunity to develop a record." Id. (footnote omitted). Here, the parties have not had an ample opportunity to develop a factual record on this issue. Indeed, there is little evidence on this issue before the Court. The Court, therefore, **DENIES** Defendants' motion on this issue.

### V. Conclusion

For the reasons explained above, the Court **DENIES** Defendants' motion to dismiss (doc. 7). The Court also **DENIES** Defendants' motion to strike (doc. 16).

**ORDER ENTERED** at Augusta, Georgia this 26th day of January, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA